Mr. Panner. Mr. Chief Justice, and may it please the Court, Article III requires a private plaintiff to show injury in fact, which means at a minimum that the alleged illegal conduct made her worse off. Factual injury does not automatically follow from violation of a statutory duty owed to the plaintiff, and Ms. Edwards has not alleged the type of harm alleged by plaintiffs in the common law cases that she invokes. No misappropriation of her property, no loss of desired opportunity or benefit, no injury to reputation. So let me just use an example, a hypothetical, based on the next case, really. I was thinking, Congress passes a law, says you can't phone people between 7 at night and 7 in the morning and try to sell them something, okay? That's the law. And anyone who gets such a phone call gets $500 in damages automatically if they sue in court, if they receive such a call. The harm was getting the call. So my grandmother, who was always complaining no one ever calls her, loved the telephone call. She loved it. Best thing happened to her in a month. Okay? Now, can she sue? No, Your Honor. If she does not have actual injury, the fact of the statutory violation would not give rise to standing in that case. Now, I think it would be quite unlikely that a plaintiff would come before the court and say, actually, the statutory violation delighted me, I nevertheless like my $500. But if the injury in fact requirement means anything, it means that a plaintiff who comes before the court must have a harm in fact. Breyer, in other words, if the FDA bans a substance on the ground that 98 percent of the people it hurts, and there's some kind of automatic recovery of $500, anybody who bought the substance, because it wasn't supposed to be sold, and she's one of the 2 percent that it helped, can't sue. Well, Your Honor, in the case in which someone is exposed to a substance that is illegal, they might well suffer a harm, and the harm might be the exposure to the substance. And the sort of inquiry that you're looking into, which is even if the exposure  Well, here she was exposed, or the plaintiff was exposed, to the kind of transaction that Congress said was harmful, as a general matter, just like the example you gave. I don't think so, Your Honor, and the reason is that in this case, the violation had, as her complaint makes clear, she paid the only rate for title insurance available in Ohio. She does not complain of the quality of the insurance or the service she received.  Sotomayor, going back to Justice Sotomayor's question. Sotomayor, because she can't prove it at the early stage, I mean, the problem that Congress was concerned about was that you can't tell until the house is going to be sold again how adequate the title insurance was. So Congress is acting on the potential that these kind of kickbacks can cause harm. And this does seem to fit the bill of restitution, unjust enrichment cases, where the plaintiff doesn't have to prove any harm. She just gets back what the defendant should not have received. Your Honor, with respect to unjust enrichment cases, those cases reflect circumstances where there's a benefit received at the expense of the plaintiff. And in the traditional sorts of cases, unjust enrichment, of course, is an invention as a category that's relatively recent. But the unjust enrichment cases reflect quasi-contract circumstances where a benefit was conferred that in justice should have been compensated so the plaintiff is made worse off in not receiving the benefit or the compensation for the benefit, or a circumstance of constructive trust where there was property or other right of the plaintiff that was misappropriated and used without the permission of the plaintiff. So an opportunity or a property was taken away. This is not a case like that. And there's no allegation that there is anything lacking in the insurance that was issued. This is a circumstance in which Congress may believe that a certain practice as a general matter can tend to bring about bad outcomes and can, therefore, make it unlawful. But the question here is whether this plaintiff has a harm. Sotomayor, taking the very broad position that this is an unusual status, appears to be in three or four others, where the States mandate that title insurance be at a fixed price, but in those States in which there is no such mandate, you seem to be arguing that Congress can't ever presume damages or injury, that even in those States insurance is paid less. Is that the position you're taking? I don't know, Your Honor. The type of injury that is incurred doesn't necessarily have to be a financial one, and there could be circumstances where a plaintiff would allege an injury. And I think it's important to just say that this is an unusual status. Sotomayor, please tell me in those States in which insurance is not fixed by the State, what does the plaintiff have to do other than to say, they didn't disclose to me that there was a kickback, and I want the amount I paid for the service? Do they have to show something more? If the — I want to — I'm not sure I understand Your Honor's question, but if the question is there were various rates available and the plaintiff alleges an overcharge, that they purchased a policy and there was a cheaper policy available, and as a result of the population— Sotomayor, so you are, in fact, arguing very broadly that there is no presumption of injury in these cases, that the plaintiff still has to come in and prove that, in fact, they would have gotten a cheaper — a cheaper policy? Your Honor, the plaintiff would have to allege in the complaint and then eventually show that there was some injury. It doesn't have to be a financial injury, but there— Same thing with nominal damages and statutory damages? You're taking a very broad position now. I don't think so, Your Honor. Because, again, the question for purposes of standing, the question for purposes of the ability of a plaintiff to come into court is to show that they have some injury in fact, that there was some harm, some way in which they were made worse off. This plaintiff— Scalia, that's so extraordinary. It's what has to be shown in Sherman Act cases, right? Contracts and combinations in restraint of trade are unlawful. But in order to recover under the Sherman Act, you have to show not only that it was unlawful, but that you were harmed by it. That's true. That's certainly the norm in all sort of tort cases. I was going to ask you along that line, are there antitrust cases that the Respondents to the government could cite in which a party can go into court alleging that the market has been distorted, even though that person has no damage? Anything like that in the antitrust case? What would be their closest case? Well, Your Honor, I'm not sure. I did not see any of the cases that they cited involving the trust, the trust circumstance where there was that sort of vague allegation. The trust cases, I think, actually are a good illustration of the type of injury that's required. We're talking about trust, not antitrust now. If the trust cases involve a circumstance, I think that the plaintiff here kind of gives the game away by, in the, when talking about the Michaud case, using the phrase the plaintiff may sue. And, of course, that's not what the case says. What the case says is that a beneficiary can come into court and say the trust has violated the duty to me, I want to unwind the transaction to get the benefit that I would have gotten had the trustee behaved in the way required. So in those cases involving trustees, for example, they do not. Kennedy, there's not automatic disgorgement in those cases? There could be automatic disgorgement, Your Honor, but again, that reflects the lost value of what was paid for in terms of the, of the trustee. Sotomayor, let's assume that a trustee acts on its own interest and, and sells property. But let's assume that he gets top dollar for that property, so that the beneficiary hasn't really been deprived of anything. What's the injury to the beneficiary? Well, the injury to the beneficiary in that circumstance, Your Honor, is that the beneficiary has created an opportunity that belonged to the beneficiary. In the cases that are, in the ordinary case, then, the beneficiary has the option to say, I'd like to unwind that or get the benefit that the trustee got if there was self-dealing. But in a circumstance where a trustee sells, for example, a piece of property and the, and the claim is one for restitution to try to unwind the transaction that was done, it's the option of the beneficiary to say, you know what, maybe I'm So it's a very conventional kind of harm where someone believes that their property was, was taken away from them and used in a way to their detriment, and they are, therefore, seeking relief. Sotomayor, so what more does this plaintiff have to allege other than if I had been told that this was a prearranged, tied product between the mortgage and the title company, but that I had a right to get an untied product, even at the same price, and I would have exercised that right if I had known, would that be enough? That might be enough, Your Honor, but that's exactly what she didn't allege. Would that be enough in, in Justice Breyer's example of someone who says, I received a call at midnight and it bothered me? Yeah, I think that certainly would be enough, absolutely. The, the point is that this complaint abstracted away any such particularized claim for a very particular purpose, which was that in order to maintain this case as a class action, the basis of harm could not be anything personal or individual to this plaintiff. Sotomayor, so you go back to your position that Congress has no power to give a cause of action on the basis of a statutory violation in which it is presuming injury? That is correct, Your Honor. The, the, what Congress cannot do is to confer on a particular plaintiff an injury that's constitutionally sufficient under Article III. I think this Court has made clear that Congress cannot do that and that the existence of a statutory right by itself, even the invasion, the violation of the statutory right, does not create injury for constitutional purposes. Well, it certainly, you couldn't, you couldn't sue, but if I paid money that I would have, and that I'm entitled to get back, then I've been injured because. Well, Your Honor, you paid money, in this case, the plaintiff paid money for a title insurance policy which she received, she paid at the, at the legally required rate, and she makes no complaint about the policy, nor does she claim that it would have mattered to her. Alito, could I ask you to clarify something? What could a plaintiff who purchases title insurance in Ohio allege that would be sufficient to provide standing? Well, certainly, if a plaintiff said that the, that the manner in which the title insurance was provided had delayed her closing or that there were procedures that were undertaken. No, what could be done, okay, go ahead. That there was something about the service that she received as a result of the, the referral to a particular title insurer, again, assuming that this is a violation, which we don't, we don't think it is, but, but assuming that it is, that. So you could, the plaintiff could allege some kind of defective service at the time when the title insurance is purchased? There really is no service provided at that time, is there? Actually, most of it. You get a title insurance policy and that's it, and you don't know whether, you don't know what will happen if there's some problem alleged with the title at some point down the road. Well, that's really, the risk of that really is on the title insurer, which is why the title insurer has no incentive whatsoever to encourage poor service by a title insurance agent. Well, that leads me to this point. I thought, I never thought of title insurance companies as being fungible. And some were very, very good about narrowing the exceptions, about working with the seller of the property, if you represented the buyer, to get rid of the exceptions. And so I'm not sure that it's just a question of a policy versus no policy. There's a quality to the research they do. And the next, and related to that, is this. You put the case as if the price is going to be the same for the insurance. A, I think there's nothing in the State law that permits the insurance company to get, to set a lower rate. And second, don't the title companies charge other fees, title search fees and so forth, other fees in addition to the price of the insurance? And those other fees, arguably, I know she didn't allege any damage, but those other fees arguably are too high because of this fixed market. Well, Your Honor, that's not true. She didn't allege that. She didn't allege it, and I think that's critical, because the issue is not whether it's conceivable that an injury could occur from the violation. It could. And what you have indicated about difficulty clearing objections to a title, for example, if there was a problem that she had with respect to that and she believed that it was the case, that would actually be the job of the title agent, which — and there's no allegation that she was improperly referred to the title agent. So the insurer is issuing, underwriting the policy and bears the residual risk, but it's the agent that is actually engaged with the plaintiff here. And the agent's name here was Tower City. Breyer's Congress makes a finding, and this is the finding. We think that lawyers or whoever is engaged in these who hire title insurance companies should hire the best one on the merits, not on the basis of which one will give them the biggest kickback. We think that's so because that will help people secure. Everyone in such who buys a house will feel more secure knowing that the market worked there. We can't prove who feels insecure and who doesn't. We think in general they would. And so we give everybody the right to recover $500 if they are injured, where the title insurance company was not chosen on the merits, but was chosen in whole or in part on the basis of a kickback. And they write that right into the statute. So therefore, there is no doubt that the plaintiff here suffered the harm that Congress sought to forbid. That harm was being engaged in a transaction where the title insurance company was not chosen on the merits, but partly in terms of a kickback. Now, what in the Constitution forbids Congress from doing that? The Constitution, Article III, as this Court has interpreted it, requires that a plaintiff that comes into court must have suffered an injury in fact. And Congress cannot create that injury legislatively. Otherwise, the Congress can enlist the courts for regulatory purposes that are unrelated to the core function of the court, as this Court has articulated it, which is to Sotomayor. Suppose that there were a contract between Mrs. Edwards and Tower, and the contract had a no-kickback clause, not one that suggested that Ms. Edwards had to show any kind of injury, greater cost or lesser service, but just can't have any kickbacks. Can she sue on that contract? Well, if it was a negotiated agreement and it was one where the parties had given value for that assurance, then that would represent something that there had been a judgment in advance by this particular individual that there was — that that was something, that was a performance that she was willing to pay for and the promise that meant something to her. And so that would potentially be a different case. And now suppose that Congress passes a law and says every contract of this kind has to have such a provision in it. Right. Would she now have standing? Most likely not, Your Honor. And the reason is that it's the difference between a contract that the parties engage in where there would be a — if there's a negotiated contract, it would be reasonable for the Court to say, well, there's value attached to the rights that the parties have bargained for here. But it's different if Congress is using it as a mechanism to create injury legislatively. And in that circumstance, the Court would still have to determine whether there was injury in fact that would allow the plaintiff to get to court, but it's a different case. Scalia. Could Congress decree that the agent in this case shall be an agent of the purchaser rather than an agent of the title insurance company? As it has done in real estate, I think. I think the real estate broker must be an agent of the seller and not of the purchaser. Can it establish a trust relationship between the purchaser here and the person selecting the title insurance company? Well, I think that Congress could potentially create a trust relationship at that point. And if it did, would the violation of that trust relationship constitute injury for Article III purposes? It would depend, Your Honor, not per se. It would depend on whether there was some way in which that violation caused an injury in fact. So, for example, first of all, to the extent that there was some. We don't require injury in fact for most breaches of trust, do we? You do, Your Honor. That is to say that in the case of any of the examples that the plaintiff has cited, there is an underlying interest, an antecedent interest, a concrete interest in property or in an economic opportunity, paid-for services of an agent, and it is that concrete interest which is invaded by the alleged violation of the responsibility of trust. But, of course, here you don't even have that relationship of trust. The as in the college case. Scalia, I understand, but I'm just saying that that concrete interest can be created by Congress instead of being created by contract. What difference does it make? If you become a trustee by contract, you get one result, but if you are a trustee by government decree so that you must be a trustee, contract or not, somehow the situation changes? I don't think the situation would change. I guess what I'm saying is that even — I don't see any of the common law cases involving trustees as involving recoveries or suits in the absence of what this Court would certainly consider to be an injury in fact, that is to say, some harm to a concrete interest that exists apart from the statutory duty or the common law. But, Mr. Panner, in response to Justice Scalia's questions and my questions, you are suggesting that there is a difference depending on what the source of the law is. If the source of the right is a contract, there is one result. If the source of the right is a statute, there is another result. And I thought that that was very much — that is — that's very much inconsistent with our case law and specifically with Lujan. I certainly didn't mean to say that, Your Honor, so let me try to clarify. The question was, there are circumstances in which the legal relationship is such that there could be — let me back up. The question is whether there is an injury in fact, that is to say, a harm that exists as a factual matter, and those interests certainly can be reflected by the legal duties that are created. So, for example, there are legal duties in contract that are intended to protect the interests of the contracting parties. There are legal duties under the law of trust that are intended to protect the beneficiary. But this Court has frequently reflected the fact that there is the question of the violation, but then there is separately the question of the injury. And the point that I'm making, and it should be the same answer with respect to your question and Justice Scalia's, is if the mere fact of the violation of a duty does not create injury per se, and none of the cases reflect that, and that is the proposition that Plaintiff relies on here precisely because of what she alleged and what she is attempting — the type of case that she is attempting to bring. She is attempting to bring a case in which the statutory violation is the injury. No other injury is required. She very straightforwardly says it does not matter if there is any economic harm, it does not matter if there is any quality difference, it does not matter if there is any consequential effect on the individual. Kagan I'm not sure that that's the right understanding of her complaint. She's saying I don't have to prove those things because there's been a judgment made that these kinds of practices tend to decrease service and tend to increase price, and therefore I don't have to prove those matters. And that's the exact same judgment that's made in the trust cases, for example. Again, I don't think that the trust cases can be fairly read to say that, Your Honor. But the key point is, is that there's a distinction between what Congress, the statutory duties that Congress can impose, and the manner in which Congress can choose to have those enforced. Well, they Ginsburg Suppose she appended to her complaint an affidavit by a well-respected economist that says Congress was right. These kind of arrangements will have an adverse effect on the people who are purchasing title insurance, and goes through all kinds of analyses that show that. Would that be adequate, Ben? Benjamin Well, at the pleading stage, it might be, Your Honor. That is to say that if the question were whether there was an allegation, certainly it's possible that there could be a sufficiently concrete allegation in a complaint that there was that sort of an impact, but, and this is critical, not only was that not alleged here, but the mere fact that there's a statutory duty does not reflect that's the judgment or, you know, the fact that there's been any sort of systemic effect. Congress has broadly prohibited practices involving kickbacks, and the Paradigm case has nothing to do with a situation in which a title insurance agent is issuing a title insurance policy for an underwriter. Now, it's not to say that Congress can't pass a broader prohibition and, you know, require that it be enforced. Well, Congress can pass a broader prohibition and then the executive could enforce it, but what Congress cannot do is to dictate in advance that a particular practice has caused injury to a particular plaintiff. Kennedy So I'm still having problems.  Kennedy works with the economists and concludes there is a reasonable probability that if there were no kickbacks, there would be a more competitive market, there would be lower prices for some of the escrow fees, some of the collateral fees in addition to the title insurance, and the plaintiff then alleges that there is this reasonable probability that there would be a more efficient market resulting in cost savings. Would that be enough? Well, Your Honor, there has to be a connection between the violation alleged and the harm that ensues. And so a general understanding that a particular Well, the person alleges, and I was in this market, and I might have, there's a reasonable probability I could have had a lower price, according to economic theory. Well, again, that wasn't alleged here, so the question would be particularly I understand that, Your Honor. And so the question would be particular to the allegations that were made. In a case like this one, it's in all likelihood a generic allegation that there had been, that there was some sort of systemic effect, is it would be insufficient. That would be a speculative sort of claim of harm, and that would be really something where if it's a general systemic effect with no traceability between the violation that's alleged and any supposed harm to the plaintiff, that that would be something for the executive. Mr. Chief Justice, if I could answer your question. And if the plaintiff went any further and alleged that some harm particular to her, wouldn't that be even more speculative? Well, Your Honor. Some economic harm particular to her. I don't want to take up your rebuttal time, but. Thank you, Your Honor. I think it would depend. I mean, certainly there are all sorts of circumstances where there is broad systemic harm, but yet the harm to the plaintiff is very clear if you think about, for example, price fixing. If I could reserve my time. Thank you, Mr. Panner. Mr. Lamken. Thank you, Mr. Chief Justice, and may it please the Court. For at least 280 years, the law has been clear that when someone breaches a duty of loyalty owed to you by taking a kickback or otherwise introducing a conflict into a transaction, you can sue on the basis of that alone without showing a further harm in terms of economic loss. The invasion of your right to conflict-free service was itself a sufficiently concrete and particularized injury in fact, not an abstract and undifferentiated You speak of a duty of loyalty. Oh, there is no duty of loyalty owed here. It was just the law that said you cannot get and I'm not even sure it's proper to call it a kickback. It's a commission. These people are agents for the title insurance company and they get a commission on every sale of title insurance that they make. You can call it a kickback, I suppose. I don't know why the other side does, but it seems to me a commission. There is no duty of loyalty. Isn't the seller here the agent of the title insurance company? Congress could have made them the agent, could have, as you pointed out, could have made them a full-fledged fiduciary, elevating your interest in having no conflicts whatsoever in the transaction. We have a different case there, but they didn't do that, did they? Congress actually elevated one component of that by giving you a right to freedom from a particular conflict of interest, and that is the kickbacks that undermine their incentive to serve your best interest, that undermine their incentive to choose the insurer that provides the best quality and the best service. Well, this is where I have problems with your argument, because this doesn't seem to me to be a fiduciary relationship, and I don't see where the duty of loyalty comes from. And to say that Congress can just impose some attributes of the fiduciary relationship wherever it wants seems rather strange. Let me give you this example. I take my car to an auto dealer to have — because it's making a strange sound. And I say, call me up when you figure out what you think is the problem. They call me up and they say, well, there are certain things wrong with it and it's going to cost you $1,000. And I say, okay, now, thanks for diagnosing the problem. Where should I have it fixed? Should I have it fixed at your shop or should I go to another place and have it fixed? And they say, well, have it fixed at our shop. Now, is there a breach of a duty of loyalty there? Well, you might have an interest in getting an honest opinion. It's just not protected in law. They're allowed to tell you what they want to tell you because you have no protected interest in their opinion. I know, but we're looking for whether there's an injury in fact. Put aside the question of whether there's a breach of a duty in law. There is, allegedly, here. I just don't see where there's an injury in fact, because I know, I'm an idiot if I don't realize, that they have a strong economic incentive to say, come have it fixed at my place. Well, in fact, Your Honor, Congress is entitled to elevate your interest in obtaining honest judgments or conflict-free advice to legal protection, whether you would be an idiot in accepting it or expecting it in the first instance. They can take that relationship and make it confidential and make it an honest one, even if you hadn't expected that in the first instance. Scalia, Well, the issue isn't whether they can afford it legal protection. They certainly can, and there can be suits by the Federal Government or, I think, under this statute, even by State attorneys general. The issue isn't whether Congress can achieve that result. It's whether they can achieve it by permitting private suits. Right. But the common law was absolutely clear that when someone invaded your right to a conflict-free transaction, invaded your right not to have kickbacks in your transaction, you didn't have to prove that there was an economic consequence. The invasion of your right not to have conflicts invade that transaction was sufficient. Kennedy, no, could you tell me, just with Justice Alito's automobile hypothetical, just as a matter of agency law? I'm a little rusty on this one. If the auto repair people phone and say, and you need two parts, and we'll purchase those parts for you, and they then purchase parts from a company that they own, under standard agency law, could the vehicle owner get disgorgement? If they are acting as an agent for the person with the broken car? The answer is absolutely, without having to show any loss. And this Court's case in Magruder v. Drury was that type of case, where it was absolutely clear that the plaintiff would not have paid a cent more, the estate would not have paid a cent more, if that they had gone elsewhere. Scalia, when I take a car to an auto mechanic, he's not my agent. He's an independent contractor doing business. He's not my agent. That's exactly why I said it's not an agency relationship here either. It's a customer going to somebody who is an independent contractor. Congress imposed one component of the duty that applies to agents and fiduciaries across the board, and that is don't take kickbacks that undermine the incentive to obtain the best deal from your consumer. More than agents and fiduciaries across the board, he is neither an agent nor a fiduciary. And what's the closest case you have to a situation where there is neither an agency relationship nor a trust relationship, and yet this kind of a right to sue without showing damage exists? What's your best shot? Well, the law has a number of contexts where you don't have to show financial loss. If somebody defames you, you don't have in your business, you don't have to show that you're financially injured. That's injury in fact in and of itself. Well, that gets to a point that I'm having trouble getting my arms around.  There are three possible arguments. One is that there is injury in fact in this case. I see some of that argument in your briefs. Two, that Congress presumes injury in fact. Injury in fact is still required, but that is presumed. I read that to be perhaps what the trust cases say. Or three, that injury in fact is not required at all. Now, which are you arguing, 1, 2, or 3? I think our argument is that the invasion of your statutory right to a conflict free service is itself an injury in fact. Roberts. Okay. Statutory right. But it also has a case. I'm sorry to interrupt you, but I want to pause on that question. You said violation of a statute is injury in fact. Now, I would have thought that would be called injury in law. And when we say, as all our standing cases have, is that what is required is injury in fact, I understand that to be in contradistinction to injury in law. And when you tell me all that you've got or all that you want to plead is violation of the statute, that doesn't sound like injury in fact. It's injury in fact in the following two senses, Mr. Chief Justice. First, all you have to do, getting a conflict-free referral is itself substantively more valuable than getting one laden by conflict. Okay. Now, that goes back to the first proposition. That's an argument that there is injury in fact here. So it seems to me that — I don't mean this in pejorative sense, but it seems to me that you slide back and forth between 1, 2, and 3, which makes it hard for us to get a decision. I think the answer is, so long as Congress has entitled you to something of potential value that isn't being denied to every other member of the public in an undifferentiated way, that is sufficient to be injury in fact. Now, here's the thing. Potential value. Potential value. And it's more valuable. We said in the Whitmore case, and this is a quote, Allegations of possible future injury do not satisfy the requirements of Article III. Potential value sounds to me like possible future injury. In this sense, Your Honor, it's — what you received is substantively less valuable. All you have to do is ask yourself, would I value more advice from somebody who's playing it straight on a financial side or someone who is taking kickbacks from the charge? So that's injury in fact. That's injury in fact, and there's another way in which it's injury in fact. So if you tell me what this case is about is whether or not you've shown injury in fact. It's not a significant case, and your client has to prove that at trial. Well, she proved that she got something less valuable. She got something she was entitled to. But I thought maybe it's a unique circumstance in this case, but Ohio says this is going to cost you the same no matter what you do. That's actually quite incorrect, Your Honor. Okay. But then again, that's an argument about was there or was there not injury in fact. Well, the injury in fact is getting something that's potentially — not getting something to which the law entitles you, which has potential value to you. And a conflict-free referral is much more valuable than one laden by conflicts. And there's another thing. We haven't disclaimed the notion entirely. We haven't. In fact, we believe it's very likely that quality or price suffered as a result of these conflicts. But the conflicts— But that sounds, again, to use a word we've said is inadequate to support standing, that sounds conjectural. No, it's not conjectural at all. Congress specifically found that these are the consequences. No, no, no, no. We're talking about not what Congress found, what the injury in fact is. Right, Your Honor. So you will agree, won't you, that the idea that it's certainly possible, or whatever your formulation was, that the quality here wasn't good enough or that the entire quality across the board might be better, that's conjectural, right? No, well, Your Honor, it's very hard to prove, and it was for that exact reason. Now we're in point — now we're at level 2. It's hard to prove. So is that your argument, that Congress presumed injury? No, Your Honor. That's why the common law elevated the right to conflict-free services from not being legally protected to legal protection, because it was so hard to figure out for the judge. What is the — I think this is very interesting and informative to me. Go back to the middle category. As I'm now seeing it, you have a version of the middle category that the Chief Justice was asking. And you call it, Congress sometimes passes a statute that creates a pariah. It could be a substance, it could be a form of behavior, it could be a structure of an industry. And then, once it does that, it makes that unlawful. And now what it's done that is more unusual than I ever thought, it comes up in the loyalty context, fiduciary, but we're not talking about fiduciary. It says it is a harm and you will earn money if you deal with a pariah, assuming it wasn't your fault. Now, that's where I've ended up with your answers to the Chief. And now, having put it that way, I can find loads of examples in my mind where there's a trustee or fiduciary involved. I can think of an example in the ketam context, but to think of one right on point is a little hard, though I thought there must be some. Justice Breyer, the breach of contract in some sense is precisely that pariah. The what? A breach of contract. If somebody breaches a contractual duty owed to me, I don't have to prove that I suffered economic injury. The breach of the promise itself gives me a grievance sufficient to entitle me to sue for the Congress' absence of a grievance. You can sue in court even if what you come in and you say they breached my contract and as a result I made $10,000 I wouldn't have otherwise made, and when the judge says, and what damages do you seek, you say? I'd like $1 more, Your Honor. I want nominal damages, or if there's stipulated liquidated damages, you're entitled to those as well. That was the common law rule for years. It's the majority rule today. So that is precisely the context. But if I were to say, well, you would accept $1 in this case? Well, Your Honor, we're entitled to that. But I think that that is we're hoping to do better, Your Honor, but that actually illustrates. Roberts, I didn't mean to be facetious. But it gets to the question of whether or not you have to actually show injury in fact. Your allegation in this case is for damages, not just nominal damages, but damages. Your Honor, if the injury is sufficient to get you in court to get $1, it doesn't evaporate just because you want to get it. Ginsburg, Mr. Lampkin, you're not seeking damages. You're seeking what the statute says you can get, which is your money back, treble. Exactly, Your Honor. We're seeking precisely what the statute entitles us when there is the breach of this duty owed to us. So it's not that you have to prove any other damages, because the statute has specified what the recovery is. That's exactly right. We need to show one injury, not two. One injury, in fact, a violation of a duty owed to us for our protection, not an additional injury in the form of having suffered an economic loss. Do you want to get out of this contract? Pardon? Do you want to get out of this deal? Your Honor, I don't know whether or not Ms. Edwards would want to get out of the deal or not, but the statute says that she doesn't have to give up her insurance, which protects her home, in order to obtain the benefits of the Congress-guaranteed her, which was not the favorable rule. I didn't see an allegation or rescission or nothing. So you're perfectly happy, as far as we know from the complaint, with this deal. You just want the extra $500 per class member without showing any injury. I think this brings me back to the question you were asking before, which is, indeed, we think it's likely that there is a diminution in quality and paying excessive price. But the law says we don't have to prove that because the law has elevated our right to a conflict-free transaction, to legally protected status. The very reason the common law said in the fiduciary and the trust and all the other confidential relationship contexts said we're not going to ask about the economics, we're not going to regulate the economics here, because that's too hard. What we're going to do is you're going to protect your right to receive the best advice possible. And that's not the case. Sotomayor, maybe I'm just looking at this too simply. You paid — your client paid $455 for title insurance, correct? Yes. She is claiming that she paid that money on the statutory assumption that the agent would disclose to her any kickbacks, correct? It's not a disclosure duty, but it's on the statutory basis that she was entitled to conflict-free referral, that they were not directing her purchase on the basis of conflict. She said, I didn't receive what I paid for. Correct? Exactly, Your Honor. I paid money. I lost the money. I should have it back because what I bought was a conflict-free referral. That's not what I got. Like an aggrieved trust beneficiary, she's seeking to get back something that belonged to her, $455 that she parted company with in a conflicted transaction. You don't want a conflict-free transaction because you don't want to get out of this contract. You're perfectly happy with the contract. You want $500. You don't want a conflict-free transaction because even if it was a — were a conflict-free transaction, the price would be the same in Ohio. Not necessarily so, Your Honor, because Ohio does not preclude price competition. You can file for a condition. Okay. Now, there the answer to my question, and I don't mean to focus on a peculiar structure, but there your answer was on part one. You said, no, not necessarily. Here there was an injury in fact. She might have gotten a better deal. She has been exposed. It's impossible to tell whether or not Fidelity would have been better because of financial soundness or another company would have been better because it has better claims handling down the road. And you don't want to have to prove that, because if you proved any damage, there goes your class action. Absolutely not. You don't have commonality. The reason we're not — we did not allege it is because the statute doesn't require it, and for 280 years, when somebody takes a kickback that interferes with your obtaining the best deal possible, that itself was actionable without proving any further explanation. How does it harm her to get a title insurance policy for the price of $453 from what you call a kickback-free seller, as opposed to getting the same title insurance for $453 from a non-kickback-free seller? Is that an injury in fact? Yes. The vague notion of buying it from, I don't know, a white knight, is that the kind of injury in fact that our cases talk about? Your Honor. That seems to me purely, I don't know, philosophical. It's not philosophical at all, because that exact right, ensuring that she gets her purchase in a kickback-free transaction is for her benefit. And when she's denied that right, she's been denied something of potential value that hasn't been denied to everybody else in the universe. For her protection, she was entitled to have them — the very fact of a kickback undermines the incentive to pursue her best interests. Like a trust beneficiary, a homebuyer spending her money to insure title on her home has a concrete and particularized interest in ensuring that those who direct the purchase are not doing it based on kickbacks, which so undermine the incentive to seek her best interests. It may be very hard to prove in individual cases that, you know, Fidelity is more financially sound or another has better claims handling, but it was precisely for that reason that Congress got out of the business and the courts got out of the business. They're not going to regulate price. They're not going to regulate quality. And instead, we're going to give you a right to get the referral from somebody who has expertise and who doesn't have a conflict created by a conflict, by a kickback that so undermines their incentive to seek her best interests. Scalia. But the issue here is whether Congress can get out of the business, whether it is the function of courts to provide relief to people who haven't been injured. I mean, that's the whole issue. The Constitution, statutes, the common law regularly create bright line across the board rights to protect underlying financial or other economic interests, where the rights may sweep more broadly and may apply in cases where those underlying interests aren't affected. But we don't go look backwards at the purpose of the right, abstract the right to its purpose and say, well, unless its purpose was achieved in this particular purpose, we're not going to. Alito Would there be injury, in fact, if the plaintiff knew everything that was relevant to this, was an economist who had studied the effect of these things on title insurance price and quality, and, in fact, was aware of every single transaction that had ever occurred between the title insurance company and the title agent, would there be injury, in fact, in that situation, nevertheless said, okay, I understand this is what I'm getting into, but I'm going ahead? There would be injury, in fact? Yes, because he's been denied something he's entitled to, which is another expert's view, which is not affected in any way by kickbacks, which we know are entirely corrosive in the interest to pursue his best interest. He might But it's circular for you to say he's denied something he's entitled to. The question is whether there's an injury. The Constitution requires an injury. Right. For you to say he was entitled to it and, therefore, is an injury, that's just circular. That gives no substance at all to the meaning of the term injury. Yes. But the invasion of a statutory right itself can be injury, in fact, so long as it's sufficiently concrete and particularized, that you're not just asserting another interest of the public at large. The Court has protected interest as divorce from property interest as the right to obtain information from the government through FOIA or FACA. It can protect your nonproperty interest in not being defamed. All of these things are protected, your rights to performance or your contract. All of these things are protected whether or not there's further economic harm that results. And the no further inquiry rule that's applied in the trust and fiduciary contracts for years is just another example where the law elevates your interest in not having conflict of interest at all. Can I ask you just to follow up? You said whether or not there's further economic harm. So you say economic harm is required. No, I'm just saying Because there can't be further economic harm if there isn't economic harm in the first place. Further, comma, economic harm. Further harm of the economic sort, Your Honor. Further harm that happens to be economic, not further economic harm. Exactly. There doesn't need to be further harm, much less further economic harm. Thank you. Thank you, Mr. Lampert. Mr. Yang. Mr. Chief Justice, and may it please the Court. When an individual has a statutory right to a kickback-free referral in a financial transaction, she participates in a particular financial transaction in which her right is violated, and she pays money for the service unlawfully referred, she has sustained an Article III injury in fact based on, as this Court has repeatedly explained in this test, an invasion of a legally protected interest. Suppose, Mr. Yang, let me give you a hypothetical. Suppose, you know, Congress did this to spare the Attorney General the necessity of suing to enforce these requirements. Suppose Congress wants to take the burden off the back of the Internal Revenue Service. So it says that anybody who buys any product from a company that has not paid its taxes is entitled to $500, okay? What that person is entitled to is a tax-observant seller, given a national right to a tax-observant seller. Would every person who buys from some company that hasn't paid its taxes have a cause of action? No. Why not? This Court has explained, I think principally in your opinion in Lujan v. Defenders Wildlife, that Congress cannot convert an undifferentiated public interest in enforcement of the law. Scalia Well, this is differentiated. You have to have bought from one of these companies. It's not everybody. Not everybody has bought from these tax cheats. It's only the people who bought from tax cheats. Yang I understand. There is also a threshold. Obviously, Congress can't simply narrow the class of plaintiffs to, say, people with college degrees or people who were born on a Monday. There needs to be a sufficient connection between the nexus, right? Your brief is full of nexus. We'll use connection. Scalia Legal jargon for connection. Yang We'll use connection. Scalia Lovely. Say connection. Yang We'll say connection. Scalia I love it. Yang But in our view, there needs to be a reasonable connection between the prescribed conduct, here the paying of taxes, and the class of persons to which the Congress has conferred the right. And that has to be such that the person's class is reasonably regarded as victims of the conduct. Scalia How much of a connection is necessary? Suppose you have a law that requires all machine parts produced by companies to contain a certain feature, and anyone who buys one that doesn't contain that feature gets $500. I purchase one. That feature is of no use to me at all. That product would be just as good for me for the purposes for which I'm using it had it not had that feature. Would that be okay? Would I have a cause of action? Yang It's unclear. Let me try to figure out the hypothetical a little bit further. If Congress, for instance, if the machine part was a safety harness in your car,  to not use the safety harness, Congress might well be able to, say, provide for a protection for all purchasers of this particular vehicle, or any kind of vehicle, must — those types of vehicles must have that safety equipment in order to protect the consumers who purchase it. And in that instance, Congress could well provide for a statutory damage provision to protect such an individual. So even though I've installed my own safety harness, which I always do when I buy a car, I can sue because this car that they sold me didn't have the safety harness. $500. Yang That's correct. And let me go to some historical analogs to explain why the focus has to be on the invasion of a legally protected interest. You have things like trespass. At common law, and this was well known to the Framers, at common law, if you simply step across a boundary line, a line defined in law and the rights that are defined in law that are associated with that line, if you simply step across this and step back, that is a trespass. You could bring an action in court, you could have no — no impact whatsoever except the invasion of your legal right, and you would get nominal damages. And that type — similarly, if you had a contract, you could have a breach of the contract. Breyer Justice Scalia has a point. I mean, as I heard him, he was — he was reiterating what used to be called a prudential rule of standing. It wasn't constitutional. But you look to see if the statute is meant to protect this kind of person against that kind of harm, all right? And if not, there's lack of prudential standing. Well, if that's the test, his case would fall outside it because the tax law is not meant to protect the plaintiff there, but this case would fall within it. I think it's more than prudential standing. It goes to what is an injury in fact, which the Court has again repeatedly explained as an invasion of a legally protected interest that is sufficiently concrete and particularized. Now, we don't think that Congress can, through the guise of a right, convert a generalized interest in enforcement of the law into something that an individual can come and say. Scalia, what is sufficient — I'm sorry, Chief Pelley. Why do we always say injury in fact, then? You say so long as the harm is a violation of the law, a legally protected interest. Our standing cases always say injury in fact, as opposed to injury in law. And you're saying if you violate the law, you have a sufficient injury. Well, your cases actually say an injury in fact, and then go on to explain, for instance, in Defenders of Wildlife, that that is an invasion of a legally protected interest. And I'm not saying that it's any invasion of the law, but when Congress confers a right to do so. They also go on to say that it has to be concrete. Right. Real and immediate, not conjectural or hypothetical. That's right. It can't be an abstract type of a thing. It has to be in a specific factual context that's amenable to judicial, a realistic judicial appreciation of the consequences of the judgment. So that all of our cases, we could have left in fact out of all of them. None of them come out differently because we insist on injury in fact. Well, I don't know if you could have left it out. You could have called it anything. It is a legal label that the Court has applied to it. It's the difference between legal harm, though. I mean, isn't that, I guess I'm just repeating myself, an injury in fact. How do you understand that to be different than any other kind of injury? Well, an injury in fact is not simply a legal injury in the sense of any violation of the law. It is an invasion of a legally protected interest with respect to this particular individual, the particular plaintiff. But there are two elements. That's the particularized requirement, and I understand that. But you're saying injury in fact simply means particularized? No. No, no, no, no. It includes several concepts. An injury in fact is an invasion of a legally protected interest. It either has to be actual or imminent, and it has to be concrete and particularized. Now, again, so there's several concepts within the umbrella of injury in fact. But I'd like to go back to the examples that we would find at the time of the framing of many types of injuries where you don't have to have anything other than an invasion of your legally protected right. For instance, a right to an agreement. If there's a breach that has no impact whatsoever, you would be able to get in and sue. Now, there's a question of the quantification of damage, but that's separate. That's not whether you have an injury in fact. It is how the measure of damage is, and the measure of damage as a common law would be nominal damages. Similarly, an invasion, a trespass invasion, or, for instance, if you were a beneficiary of a trust. I'm not sure about trespass. The object of my owning property is that I have a right to exclude. This is what I own. This is what the law protects. This is a spatial area for my, which is my property. This is my own domain. And there is an injury to that right. Now, you want to say that Congress can say that you have a right to buy a conflict-free title insurance policy. I'm not sure that the two equate. Well, going back to your hypothetical, the reason you have that interest, the reason you have the right to exclude this space is solely by operation of the law. Those concepts that are attached to property rights were created by common law courts. Just as common law courts can create rights through the invasion of which create interest, so too can a State legislature or when Congress is acting within its Article I powers. Kennedy. No, but it's essential to my feeling of security and dignity and privacy. It's like the Justice Breyer telephone hypothetical. I don't think the any common law court has inquired whether the invasion, the trespass somehow made you insecure or invaded your privacy. It was a bright line. The trespass cases, it seems to me, are different because you are talking about a property right and you can sell a property right. You can go to somebody and say, I have the right to keep people off of this piece of property. Do you want to buy it? Here's how much it's worth. But if that's only a property right to the extent you can keep people off of it, here you go. No one's going to buy this right from the respondent, the plaintiff, because everybody has got it anyway. You don't pay her because she doesn't have a tangible, concrete right. The trespass case, the person obviously does because he can sell it. Well, anything can be monetized. No, this one, that's my point. This one cannot be monetized because everybody's already got it. You can answer. Well, it's kind of a statement, although, you know, and this is a specific financial transaction. It's a transaction involving the plaintiff. She paid money for a service that she got, and it was unlawfully tainted by a kickback. And that's the type of thing we think traditionally could be enforced in court. Roberts. Thank you, Mr. Yang. Mr. Panner, you have 4 minutes remaining. Thank you, Mr. Chief Justice. It seems to me that there are two positions that have been articulated before the Court and both are inconsistent with the Court's prior decisions. The first is that. Not yours and his. That of the plaintiff and that of the government, Your Honor. I should have been more particularized. The violation of a duty owed to us, that is what plaintiff claims is the injury here. The violation of a duty is a violation of a duty. It is not injury. And similarly, the government says that what is required is a sufficient connection to the conduct. But what is required is not a connection to the conduct. What is required is an injury, in fact, a harm to the plaintiff who is seeking to obtain redress from the courts. And that fundamental limitation on the role of the courts is critical to the liberty of the people who come before the courts and who are subject to the power of the courts. It is absolutely appropriate for someone who has been harmed through the violation of a statutory or common law duty owed to that person to come before the court seeking redress. But what is not possible is for the courts to be open to a plaintiff who has not alleged that the statutory duty, the statutory violation that has been alleged, has caused any adverse impact. Now, of course, there are broadly, there are, there is illegal conduct that may have caused harm to a broad section of the population. If somebody engages in price fixing and then sells those price fixed goods, it may be very easy to show that as a result of that, many people suffered harm and can come into court to sue for it. Similarly, there are nonfinancial harms that are the basis for standing in many, many cases. For example, defamation, harm to reputation, discrimination, where someone is subject to an injury of being discriminated against. Scalia, what about a — I'm sorry to interrupt your concluding remark, but I am troubled by the dollar nominal damages for breach of contract. What do you say about that? Well, Your Honor, in a circumstance in which there is a bargain for performance and it may well be that there is a recognition that there is value that was assigned to that performance that may be hard to measure, and therefore there is a concrete injury that's hard to measure, and therefore nominal damages is awarded. Now, it's — the cases are not uniform on whether nominal damages are available. There's — it's actually split, and there's — we are not aware of a case in this Court that would say that in a circumstance in which there was a harmless breach, that a suit for nominal damages would establish Article III standing. So with respect to that, I'm not sure what the correct answer would be, unless the Court has further questions. Thank you, counsel. Counsel. The case is submitted.